SAMUEL VASSALLO, LEONARDO VASSALLO AND THERESA VASSALLO, PROSECUTORS, v. THE BOARD OF COMMISSIONERS OF THE CITY OF ORANGE, A MUNICIPAL CORPORATION OF THE COUNTY OF ESSEX, RESPONDENT.

Submitted October 3, 1939—Decided February 9, 1940.

For the prosecutors, *Philip Singer* (*Leonard J. Emmerglick,* of counsel).

For the respondent, *Edmond J. Dwyer* (*Joseph F. Zeller,* of counsel).

The opinion of the court was delivered by

PORTER, J. This writ of *certiorari* brings before us for review the legality of an ordinance of respondent regulating the size of ground area and street frontage to be used as junk yards and the action of the respondent in refusing to grant prosecutors a license to operate a junk yard under the provisions of an ordinance which was in force when the application was made.

It appears that the prosecutors were engaged in operating an automobile junk yard in Orange and had been since 1927. Apparently no license was required to operate such a place of business before October 19th, 1937. At any rate an ordinance was adopted by respondent on that date providing

for the licensing of same. In pursuance with that ordinance prosecutors made written application for a license apparently on June 9th, 1938. The date does not appear but it seems that the check accompanying the application bore the date of June 9th, 1938. It is admitted that the application was made but it was not produced by the respondent who says that it cannot be found. On September 16th, 1938, prosecutor was advised of the denial of the application without any reasons being given for that action. It is the contention of the prosecutors that the application met all requirements of the ordinance; that the issuance of the license therefore was mandatory.

Assuming that it was in proper form we cannot agree that it was mandatory on the part of respondents that the license be granted. Section 5 of the ordinance does provide that if the application shall be in compliance with the ordinance and other ordinances of the city the Board of Commissioners shall direct the issuance of a license but it then also provides that the board "may, however, restrict the number of such licensed premises within the City, and may impose such reasonable regulations and rules with regard to said business or businesses, so to be conducted, not contrary to law, as the said Board of Commissioners may deem necessary and proper for the good government, order, protection of persons and property, and for the preservation of public health, safety and welfare. of the municipality and its inhabitants, and as may be necessary to carry into effect the powers and duties conferred and imposed upon the City by law." This ordinance as has been shown was adopted on October 19th, 1937; by its provisions it took effect immediately. It also provided that licenses be issued for a term of one year from the first day of January in each year. It does not appear why prosecutor did not file his application for license for 1938 until June of that year.

The Board had power and it was its duty in passing upon the application to exercise its sound discretion and in the light of the testimony that the premises were in an unsanitary condition and a menace to the public health and safety from fire hazard we conclude that it was fully justified in denying

the application. Its action under the circumstances was not capricious, unreasonable nor confiscatory.

The remaining question to be considered is whether the supplemental ordinance, adopted November 15th, 1938, restricting the size of junk yards is a valid one. We think that it is. In the recently decided case of *Hammond* v. *Paterson*, 123 *N. J. L.* 553, this court in an opinion by Mr. Justice Trenchard laid down rules with respect to the right to license junk yards for the purpose of regulating the conduct of the business, holding that large discretion might be exercised in licensing and regulating the business as a reasonable exercise of the police power to secure the public interests. Under that decision and the authorities therein cited with approval it seems to us that the regulations as to the area to be occupied by a business of that kind with its attendant well known objectionable features and liability to endanger the public health and safety is not unreasonable, capricious nor confiscatory in the exercise of the police power.

The writ is dismissed, with costs.